NOT FOR PUBLICATION                                                                                  CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EARNEST PANNELL,<br><br>                    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | Civil Action No. 14-0730 (SRC)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

It is appearing that:

1. On June 6, 2012, Petitioner was charged with being a felon in possession of a firearm; his arrest was executed on September 17, 2012. On October 26, 2012, he entered a plea agreement and, on March 30, 2013, was sentenced to 77-month imprisonment. See USA v. Pannell, Crim. Action No. 12-0399 (SRC), ECF Nos. 1, 15 and 17.

2. On February 4, 2014, he submitted a document styled as a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. See Instant Matter, ECF No. 1. The document asserted Petitioner's redemptionist/sovereign citizen beliefs and alleged that federal courts, including this Court, have no jurisdiction to prosecute criminal matters and impose penal sentences. See id.; see also Ali v. New Jersey, No. 12-2797, 2012 U.S. Dist. LEXIS 150195, at *5-15 (D.N.J. Oct. 15, 2012) (detailing the nature and legal deficiency of so-called "redemptionist," "Moorish," "sovereign citizen" and "Marrakush" positions).

1

3. To the extent Petitioner seeks release from confinement on the basis of his jurisdictional argument rooted in his redemptionist/sovereign citizen beliefs, his claims are dismissed for abuse of the equitable nature of the writ. See Ali v. New Jersey, No. 12-2797, 2012 U.S. Dist. LEXIS 150195, at *20 ("even if the Court were to hypothesize that Plaintiffs duly expatriated, the fact of expatriation has no effect on the [the United States] court's jurisdiction to conduct [Petitioner's] criminal proceedings") (quoting Estate of Casimir v. New Jersey, No. 09-4004, 2009 U.S. Dist. LEXIS 78113, at *19, n.8 (D.N.J. Aug. 31, 2009)); see also Sanders v. United States, 373 U.S. 1, 17-19 (1963) (frivolous filings abuse the equitable nature of the writ); Furnari v. United States Parole Comm'n, 531 F.3d 241, 250 (3d Cir. 2008) (same). Therefore, these redemptionist/sovereign citizenship claims shall not be raised in Petitioner's future filings since, if he raises the claims known to him as facially meritless, it is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for this Court to issue an order restricting such filings. See e.g., In Re Oliver, 682 F.2d 443, 445 (3d Cir. 1982) (citing Lacks v. Fahmi, 623 F.2d 254 (2d Cir. 1980) (per curiam); Harrelson v. United States, 613 F.2d 114, 115 (5th Cir. 1980) (per curiam); Clinton v. United States, 297 F.2d 899, 901 (9th Cir. 1961), cert. denied, 369 U.S. 856 (1962)). However, out of an abundance of caution, this Court will allow Petitioner allowed an opportunity to submit a bona fide all-inclusive Section 2255 motion. The Court, therefore, will direct the Clerk to provide Petitioner with a proper form to be used in connection with his Section 2255 challenges, if any.

4. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. § 2255 shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

2

L. Civ. R. 81.2(a). Since, here, Petitioner did not use the habeas form supplied by the Clerk for Section 2255 motions, i.e., AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014),

IT IS on this 22 day of April, 2014,

ORDERED that the Clerk of the Court shall administratively terminate this matter, without filing the motion, and Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and if this matter is reopened in accordance with the terms of this Memorandum Opinion and Order, it is not subject to the statute of limitations time bar if Petitioner's original submission in this matter was filed timely, see Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner's mailbox rule generally); Dasilva v. Sheriff's Dep't., 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs"); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank section 2255 form titled "AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014)"; and it is further

ORDERED that the Clerk's service of the blank Section 2255 form shall not be construed as this Court's finding that if Petitioner's original submission in this matter is or is not timely, or that Petitioner's claims are or are not procedurally defaulted, or that these claims are or are not meritorious; and it is further

ORDERED that if Petitioner wishes to reopen this matter, he shall so notify the Court, in a writing addressed to the Clerk of the Court, within 30 days of the date of entry of this

Memorandum Opinion and Order. Petitioner's writing shall include a complete, signed habeas petition on the appropriate form; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this matter, and a complete, signed petition, the Clerk of the Court will be directed to reopen this matter; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

STANLEY R. CHESLER,
United States District Judge